FLORENCE FLEMING AND ALBERT H. FLEMING, PLAIN-
TIFFS-APPELLANTS, v. ROY McATEER, DEFENDANT-
RESPONDENT.

Argued October 7, 1941—Decided March 9, 1942.

Before BROGAN, CHIEF JUSTICE, and Justice HEHER.

For the appellants, *Elwood C. Weeks.*

For the respondent, *Joseph B. Kauffman.*

The opinion of the court was delivered by

HEHER, J. This is an action in tort for negligence in the operation of a motor vehicle. The female plaintiff seeks recovery of compensation for personal injuries; and her husband sued *per quod,* and also for damages to his automobile, which was in collision with defendant's. The defendant counter-claimed for recompense for alleged physical hurts and injury to his vehicle. A jury was empanelled to try the issue; and there was a verdict of "no cause for action" as to plaintiffs, and for damages to defendant on the counter-claim. Plaintiffs appeal from the consequent judgment.

The grounds of appeal are all insufficient.

The first, second and third argued are (1) that the jury, "in arriving at their verdict, guessed damages for the defend-

ant;" (2) that there was "no legal or competent evidence to support the award of damages to the defendant;" and (3) that there was "no warrant in law for the return of a verdict against plaintiff Florence Fleming."

None of these assignments specifies judicial action respecting which error is predicated. *Abbe* v. *Erie Railroad Co.,* 97 *N. J. L.* 212; *Booth* v. *Keegan,* 108 *Id.* 538; *Press* v. *Klink,* 115 *Id.* 475; *Renner* v. *Martin,* 116 *Id.* 240; *Zlotnik* v. *Northwestern National Insurance Co.,* 116 *Id.* 107.

The fourth reason is that the trial judge erred "in permitting defendant to testify touching a credit allowed to him upon the automobile which he alleged was damaged."

Where a ruling on evidence is involved, it is requisite that the ground of appeal state the name of the witness and the questions or answers objected to and ruled upon by the trial judge. *State Highway Commission* v. *Zyk,* 105 *N. J. L.* 156; *Booth* v. *Keegan, supra; Carlisle* v. *Winant,* 110 *Id.* 333; *Feldman* v. *Jacob Branfman & Son, Inc.,* 111 *Id.* 37; *Diamond Rubber Co.* v. *Feldstein,* 112 *Id.* 514.

The next and last assignment argued is that the trial judge erred "in refusing plaintiffs' request to charge that there was no evidence of joint enterprise between plaintiffs; or control of the automobile of Albert H. Fleming by Florence Fleming; and that no negligence of the driver of such automobile could be attributed to plaintiff Florence Fleming." The request follows: "Not being on a joint enterprise, if both drivers were negligent, the negligence of either driver may not be attributed to Mrs. Fleming and she might recover."

The rule is that an assignment grounded in the refusal to charge a request should embody the "actual language" of the request. "For certainty and convenience" the request should be "quoted." *State* v. *Blaine,* 104 *N. J. L.* 325; *Stathos* v. *Bunevich,* 107 *Id.* 269; *Booth* v. *Keegan, supra; Cornish* v. *Jenks, Gwynne & Co.,* 109 *Id.* 87. The specification does not conform to this regulation.

The appeal is accordingly dismissed, with costs.